**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 28 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

AMY BANKS,

Plaintiff-Appellant,

v.

THE ARMED FORCES BANK;
DICKINSON FINANCIAL CORP.,

Defendants-Appellees.

No. 04-3125
(D.C. No. 02-CV-4159-RDR)
(D. Kan.)
(313 F. Supp. 2d 1095)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **McCONNELL** , and **TYMKOVICH** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Amy Banks challenges the district court's grant of summary judgment to Armed Forces Bank (AFB) in this employment discrimination case.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court summarized the facts underlying this action in its comprehensive memorandum and order. *See Banks v. Armed Forces Bank*, 313 F. Supp. 2d 1095, 1097-99 (D. Kan. 2004). For purposes of this appeal, the most relevant facts are that an AFB human resources employee initially (and erroneously) told Ms. Banks in early April 2002 that she could use intermittent leave under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.*, to care for her newborn during the summer. Approximately two weeks later, AFB informed her that its policy did not allow such use of FMLA leave. When Ms. Banks stated that she had a problem, in that she had already arranged for child care based on an intermittent working schedule and she could not obtain full-time child care for the summer, AFB offered her the opportunity to work a thirty-hour schedule instead of continuing at forty hours per week. AFB refused to make the change seasonal, however, and it indicated that, if she chose the thirty-hour schedule, it would be her permanent schedule. After considering her options, Ms. Banks opted for the thirty-hour schedule. About five weeks after

---

[1]    Ms. Banks has abandoned her appeal of the judgment in favor of Dickinson Financial Corporation. Aplt. Br. at 2.

starting that schedule, she resigned to take a full-time position with another company.

Ms. Banks contends that AFB violated Title VII, 42 U.S.C. § 2000e *et seq.*, by constructively discharging her in retaliation for certain complaints of discrimination. She argues that AFB's failure to honor the initial representations regarding the availability of intermittent FMLA leave and AFB's making her thirty-hour schedule a permanent change rather than a seasonal adjustment constituted a constructive discharge. The district court held this claim precluded because it was not included in the pretrial order. *Banks*, 313 F. Supp. 2d at 1103. Ms. Banks does not appeal this determination, and thus she has waived consideration of this issue. *See Tran v. Trustees of State Colleges*, 355 F.3d 1263, 1266 (10th Cir. 2004). [2]

Ms. Banks next argues that AFB violated the FMLA by failing to provide her intermittent leave to care for her child. Although neither the FMLA nor AFB's FMLA policy required AFB to offer Ms. Banks intermittent leave in these

---

[2]The district court further determined that, even if the Title VII retaliation claim were preserved, it would be proper to grant summary judgment because, among other reasons, AFB did not commit any "adverse employment actions" against Ms. Banks, as required for a claim of retaliation. *Banks*, 313 F. Supp. 2d at 1103. We find no error in this decision. As discussed below in connection with Ms. Banks' FMLA retaliation claim, Ms. Banks has neither shown that she was treated differently than other employees with regard to intermittent leave nor that her working conditions were so intolerable as to constitute a constructive discharge.

circumstances, 29 C.F.R. § 825.203(b); Aplee. Br. at 6-7; Aplt. App. at 63, she contends the initial representations about the availability of leave equitably estopped AFB from enforcing its policy against her. The district court disagreed.

This court has not yet determined whether equitable estoppel applies in a FMLA action. Other courts, however, have recognized that employers may be equitably estopped from denying employees FMLA benefits under certain circumstances. *See Duty v. Norton-Alcoa Proppants*, 293 F.3d 481, 493-94 (8th Cir. 2002) (applying equitable estoppel where employer guaranteed employee certain period of FMLA leave, and employee relied on the representation by not returning to work until after end date designated by employer); *Kosakow v. New Rochelle Radiology Assoc., P.C.*, 274 F.3d 706, 722-27 (2d Cir. 2001) (applying equitable estoppel to issue of employee's eligibility where employer did not notify employee that she must work 1,250 hours to be FMLA-eligible and employee could have worked the necessary hours before taking leave); *see also Woodford v. Comm. Action of Greene County, Inc.*, 268 F.3d 51, 57 (2d Cir. 2001) (discussing, in dicta, potential availability of equitable estoppel); *Dormeyer v. Comerica Bank-Ill.*, 223 F.3d 579, 582 (7th Cir. 2000) (same). In the circumstances of this case, however, we are not persuaded the district court erred in refusing to apply equitable estoppel to Ms. Banks' FMLA claim, especially given that Ms. Banks was correctly informed about AFB's policy and her options well before the

-4-

beginning of her requested leave. *Cf. Pharakhone v. Nissan N. Am., Inc.*, 324 F.3d 405, 408 (6th Cir. 2003) ("[Plaintiff's] testimony demonstrates, at most, that [his supervisor's] silence led [plaintiff] to decline assistance that later turned out to be necessary. . . . [T]he FMLA, in our opinion, was not designed to afford relief in such a situation.").

Finally, Ms. Banks argues that AFB violated the FMLA by constructively discharging her in retaliation for her request to take FMLA leave. To establish a constructive discharge, Ms. Banks must show that AFB "'made working conditions so difficult that a reasonable person in the employee's position would feel compelled to resign.'" *See Sandoval v. City of Boulder*, 388 F.3d 1312, 1325 (10th Cir. 2004) (quoting *Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 534 (10th Cir. 1998)). "'Essentially, a plaintiff must show that she had *no other choice* but to quit. The conditions of employment must be objectively intolerable; the plaintiff's subjective views of the situation are irrelevant.'" *Id.* (quoting *Sanchez*, 164 F.3d at 534). "If an employee resigns of her own free will, even as a result of the employer's actions, that employee will not be held to have been constructively discharged." *Jeffries v. State of Kan.*, 147 F.3d 1220, 1233 (10th Cir. 1998).

As discussed above, neither the FMLA nor AFB's FMLA policy required AFB to grant Ms. Banks intermittent leave. Also, there is no indication that AFB allowed other employees to take intermittent FMLA leave under similar

circumstances. Aplt. App. at 63. The record does not show that AFB changed Ms. Banks' duties, responsibilities, or benefits in any significant manner other than the reduction in hours. AFB gave Ms. Banks time to consider her options and discuss them with her husband, and it did not require her to take the thirty-hour schedule; if she had found adequate daycare, she could have continued with her forty-hour schedule. *Id.* at 67-68. We cannot conclude that offering Ms. Banks the fully voluntary choice of continuing her forty-hour schedule or taking a thirty-hour schedule, in order to accommodate her family's needs, creates such intolerable working conditions as to constitute a constructive discharge.

The judgment of the district court is    **AFFIRMED** .

Entered for the Court

Stephanie K. Seymour
Circuit Judge